IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-0950-WJM-NRN

JANE DOE, through her mother and next friend Megan Doe,

    Plaintiff,

v.

BRIGHTON SCHOOL DISTRICT 27J;
CHRIS FIELDER, individually, and in his official capacity as superintendent of Brighton 27J School District;
SHELLY GENEREUX, individually, and in her official capacity as a principal with Brighton 27J School District;
DAVID SMITH, individually, and in his official capacity as an assistant principal with Brighton 27J School District;
JANELLE WEAVER, individually, and in her official capacity as an assistant principal with Brighton 27J School District;
DESIREE QUINTANILLA, individually, and in her official capacity as an Intervention Specialist with Brighton 27J;
RICHARD PATTERSON, individually, and in his official capacity as Director of Student achievement and Professional learning for Brighton 27J.,

    Defendants.

## ORDER GRANTING PLAINTIFFS' UNOPPOSED
## MOTION FOR LEAVE TO PROCEED ANONYMOUSLY

On April 1, 2019, Plaintiff Jane Doe, through her mother and next friend Megan Doe ("Plaintiffs"), filed the instant action for deliberate indifference to sexual harassment and retaliation in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 *et seq.* ("Title IX"), deprivation of her rights under 42 U.S.C. § 1983, sex discrimination and deliberate indifference thereto, and declaratory and injunctive relief, arising out of Brighton School District 27J and employee's (together, "Defendants") handing of her report of sexual misconduct by a fellow student.  (ECF No. 1

¶¶ 124–190.) On April 2, 2019, Plaintiffs filed an Unopposed Motion for Leave to Proceed Anonymously (the "Motion"). (ECF No. 7.)

The Federal Rules of Civil Procedure mandate that "[e]very action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a); *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). There are no rules or statutes which allow parties to proceed under a fictitious name. *Femedeer*, 227 F.3d at 1246. The Tenth Circuit has, however, recognized that there may be "exceptional circumstances" in which a party may be allowed to proceed anonymously. *Id.* These "exceptional circumstances" typically involve "matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Id*. (citing *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

In determining whether to permit a party to proceed anonymously, the Court is to weigh "the plaintiff's claimed right to privacy against the countervailing public interest" in public court proceedings. *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998). Courts within the Tenth Circuit have permitted plaintiffs who are allegedly victims of sexual assault or harassment, and where appropriate their parents, to proceed anonymously. *Roe v. Minguela*, 2018 WL 4148261, at *11 (D. Colo. Aug. 30, 2018) (finding that victims of sexual assault showed good cause to proceed under pseudonyms); *see also S.S. as Next Friend of L.S. v. Napolitano*, 2019 WL 316747, at *3 (D. Kan. Jan. 24, 2019) (allowing underage victim of sexual assault and her father to proceed anonymously)*; M. T. v. Olathe Pub. Sch. USD 233*, 2018 WL 806210, at *3 (D. Kan.

Feb. 9, 2018) (finding that "the real potential of additional psychological harm" outweighed the public interest in disclosure of the names of a minor sexual assault victim and her mother); *S.E.S. v. Galena Unified Sch. Dist. No. 499*, 2018 WL 3389878, at *2 (D. Kan. July 12, 2018).

The information contained in Plaintiffs' Motion establishes to the Court's satisfaction that they should be permitted to proceed anonymously. (*See* ECF No. 7.) Plaintiffs claim that Jane Doe, a minor, was sexually assaulted by a classmate, and that after she reported the conduct, Defendants failed to take appropriate action. After Jane Doe reported the assault to school officials, Jane Doe alleges she suffered retaliation and bullying by the assailant's friends, both in-person and on social media. As a result, Jane Doe states that she has suffered from emotion distress, panic attacks, and depression (including suicidal ideations).

As such, the Court finds that Jane Doe's allegations are of a highly sensitive and personal nature, and revealing Jane Doe's identity could result in additional harm from public identification. *See M. T. v. Olathe Pub. Sch. USD 233*, 2018 WL 806210, at *3. The Court further finds that the real potential for additional psychological harm outweighs the public interest in disclosure. *See S.E.S. v. Galena Unified Sch. Dist. No. 499*, 2018 WL 3389878, at *2.

In addition, "[o]rdering disclosure of the parent's identities would place—in effect—personally identifiable and confidential information about the alleged sex . . . harassment of a minor in the public record." *Id.* at *2. Disclosing Megan Doe's identity would very likely result in the revealing Jane Doe's identity. The Court has already

3

concluded that use of a pseudonym for Jane Doe is appropriate, and thus to prevent her name from being revealed at this time, the Court will also allow Megan Doe to proceed under a pseudonym. *See id.* The Court thus finds that it is appropriate to allow both Plaintiffs to proceed anonymously.

For the reasons set forth above, the Court orders as follows:

1. Plaintiffs' Unopposed Motion for Leave to Proceed Anonymously (ECF No. 7) is GRANTED;

2. All captions and filings shall refer to Plaintiffs as "Jane Doe" and "Megan Doe" in all future Court filings; and

3. If it is necessary to file a document with the Court bearing Plaintiffs' true names, such a document shall be filed under Level One Restriction pursuant to D.C.COLO.LCivR 7.2, such that it is viewable by the Court and parties only, and a redacted copy of the document shall be filed on the publicly available docket.

Dated this 11th day of April, 2019.

BY THE COURT:

William J. Martinez
United States District Judge