IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-00950

**JANE DOE**, through her mother and next friend **MEGAN DOE**;

    Plaintiff;

v.

**BRIGHTON SCHOOL DISTRICT 27J, et al**.,

    Defendants.

---

# PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

---

Plaintiff Jane Doe ("Ms. Doe" or "Plaintiff"), through undersigned counsel, hereby responds to the Defendants' Motion to dismiss as follows:

## INTRODUCTION

In resolving a Motion to Dismiss, the Court must accept as true all factual allegations in a complaint and view these allegations in the light most favorable to the Plaintiff. *Smith v. U.S.*, 561 F.3d 1090, 1098 (10th Cir. 2009); *Arnold v. McClain*, 926, F.2d 963, 965 (10th Cir. 1991). While a complaint is required to provide "more than labels and conclusions" and factual allegations that "raise a right to relief above the speculative level," it "does not need detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint satisfies the pleading requirement to state a claim to relief that is plausible on its face when the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**ARGUMENT**

Title IX provides that "no person … shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Under Title IX, a school district may be liable for student-on-student sexual harassment when the district has knowledge of student-on-student sexual harassment and its response is deliberately indifferent. *Davis Next Friend LaShonda D. v. Monroe County Bd. of Educ.*, 526 U.S. 629, 648 (1999). Thus, a school district will be liable for a Title IX violation for student-on-student sexual harassment when it: "(1) has actual knowledge of, and (2) is deliberately indifferent to, (3) harassment that is so severe, pervasive and objectively offensive as to (4) deprive access to the educational benefits or opportunities provided by the school." *Rost ex rel. K.C. v. Steamboat Springs RE-2 School Dist.*, 511 F.3d 1114, 1119 (10th Cir. 2008).

**I.  Plaintiff has sufficiently alleged actual knowledge by appropriate persons.**

In order to show a Title IX violation, a plaintiff must show that an "appropriate person" has actual knowledge of the harassment. *Gebser v. Lago Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998). An appropriate person is an official with "authority to take corrective action to end the discrimination." *Id*.

Plaintiff has pled sufficient facts to establish that at least one "appropriate person" had actual knowledge of student-on-student sexual harassment on November 1, 2018. Defendants argue that Plaintiff has not alleged actual knowledge of an appropriate person before November 7, 2018, when Plaintiff's Mother ("Mother") reported concerns to Defendants David Smith and Jenelle Weaver that Plaintiff was being harassed at school since coming forward about the sexual assault. (Doc. 28, p. 7-8). However, Plaintiff has alleged in her First Amended Complaint, that

Defendant David Smith, an assistant principal, was informed that Plaintiff was sexually assaulted by another student on November 1, 2018. (Doc. 15, ¶¶ 18-21). Defendants argue that this knowledge is insufficient because the assault occurred in a context over which the district did not have control. However, Defendants do have "authority to take remedial action." *Murrell v. School Dist. No. 1, Denver, Colo.*, 186 F.3d 1238, 1246 (10th Cir. 1999)(explaining Title IX liability extends to those situations in which the defendants have the authority to take remedial action). Plaintiff has alleged that the Defendants have the authority to respond to off-campus sexual assaults with disciplinary action. (Doc. 15, ¶¶ 26-28). Plaintiff has alleged facts that show Defendants' response to this actual knowledge that Plaintiff was sexually assaulted by another student "at a minimum, 'cause[d] [her] to undergo' harassment or 'ma[d]e [her] liable or vulnerable' to it." *Davis*, 526 U.S. at 645 (defining "deliberate indifference"). Plaintiff has sufficiently alleged that an appropriate person had actual knowledge of sexual harassment to which he was authorized to respond by November 1, 2018.

Defendants also contend that Ryan Sullivan, a school counselor, is not an appropriate person, and therefore, Plaintiff and Mother's reports to him about the harassment on November 6, 2018, did not provide Defendants with actual knowledge. (Doc. 28, p. 8). Defendants cite to case law to support the proposition that a school counselor is not an appropriate person[1]. However, the case law does not support Defendants' contention that a school counselor is not an appropriate person. In *Rost*, a case Defendants rely on throughout their Motion to Dismiss, the 10th Circuit found that disclosure to a counselor gave the district actual knowledge of student-on-student sexual harassment. *Rost*, 511 F.3d at 1117; 1120. In *Plamp*, the 8th Circuit did not find that

---

[1] Defendants cite to *Warren v. Reading Sch. Dist.*, 565 F.3d 450, 458 (8th Cir. 2009). (Doc. 28, p. 8). However, the case at 565 F.3d 450 is *Plamp v. Mitchell Sch. Dist. No. 17-2*, not *Warren v. Reading Sch. Dist. Warren v. Reading Sch. Dist.* is found at 278 F.3d 163 (3rd Cir. 2002). Because Defendants cite to a specific page (458) not present in *Warren*, Plaintiff assumes that Defendants mean to rely on *Plamp*.

school counselors were categorically not appropriate persons for Title IX purposes, but found that in the circumstances of the case, which involved teacher harassment of a student (not the student-on-student harassment at issue in this case and in *Rost*), the guidance counselor was not an appropriate person. *Plamp*, 565 F.3d at 458.

**II.     Plaintiff has sufficiently alleged harassment that is "severe, pervasive, and objectively offensive."**

For a district to be liable under Title IX for student-on-student sexual harassment, the harassment alleged must be "so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school." *Davis*, 526 U.S. at 650. Whether conduct rises to this level depends on all of the "surrounding circumstances, expectations, and relationships, including, but not limited to the ages of the harasser and the victim and the number of individuals involved." *Id*. (internal citations omitted). A decline in grades is relevant to whether the harassment deprived the victim of access to educational opportunities or benefits. *Id*.

Plaintiff has sufficiently alleged harassment that is "so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school." *Id*. Defendants argue that Plaintiff's allegations of harassment are name-calling, insults or teasing, or upsetting interactions that do not constitute harassment under Title IX. (Doc. 28, p. 10-11). Defendants cite *Vidovic v. Mentor City Sh. Dist.*, 921 F.Supp.2d 775, 798 (N.D. Ohio 2013), to support their contention that name-calling does not rise to actionable harassment under Title IX. (Doc. 28, p. 10). However, in *Vidovic* the name-calling did not occur in the context of an allegation of sexual assault and rape.

Defendants argue that upsetting interactions do not constitute harassment under Title IX and rely on *Hunter v. Barnstable Sch. Comm.*, 456 F. Supp.2d 255, 264 (D.Mass 2006) and *Wilson v.*

4

*Beaumont Indep. Sch. Dist.*, 144 F.Supp.2d 690, 694 (E.D. Tex. 2001) to support that proposition. Neither case supports the Defendants' assertion. In *Hunter*, the Court found that the district was in fact liable under Title IX for incidents in which a boy forced a girl to lift up her dress and pull down her underwear, but found that one alleged incident in which the perpetrator and victim were placed in contact in gym class after the district took corrective action to separate the two was insufficient on its own as an act of harassment. *Hunter*, 456 F.Supp.2d at 264. Here, the upsetting interaction cited by Defendants occurred in the context of the perpetrator's friends "intimidating" Plaintiff (Doc. 15, ¶ 38), talking loudly about Plaintiff saying that she was trying to ruin the perpetrator's life (Doc. 15, ¶ 39), claiming that Plaintiff was lying about the assault (Doc. 15, ¶ 74), referring to Plaintiff as "a whore or a slut" in the hallway (Doc. 15, ¶ 75), all of which were "continual since [Plaintiff] reported the sexual assault and rape" (Doc. 15, ¶ 76). Additionally, Defendants allowed the perpetrator to return to campus during his suspension "for several hours" due to Defendants' miscommunication with the perpetrator. (Doc. 15, ¶¶ 84-85, 96). Plaintiff was also experiencing harassment on social media. (Doc. 15, ¶¶ 103-110). This context places "interactions between high school students that may be distressing to the alleged victim" in a much different light than the isolated single interaction at issue in *Hunter*. (See Doc. 28, p. 11). Defendants' reliance on *Wilson* is also unavailing. The Court in *Wilson* rejected a Title IX claim based solely on the presence of the perpetrator of sexual assault in the same school as the victim. *Wilson*, 144 F.Supp.2d at 694-95. However, there were no allegations that the victim was subjected to "continual" harassment and bullying since reporting a sexual assault. *Id.*; (see Doc. 15, ¶ 76). All allegations of bullying and name-calling in *Wilson* involved incidents prior to any alleged sexual assault and were not related to sex or a sexual assault. *Wilson*, 144 F.Supp.2d at 694-95.

Defendants also argue that Plaintiff's allegations that she was intimidated and bullied by other students are insufficient to support harassment that is so severe, pervasive, and objectively offensive to violate Title IX and cites *Gabrielle M. v. Park Forest – Chicago Heights Sch. Dist.*, 315 F.3d 817, 822 (7th Cir. 2003) to support their contention that Plaintiff's allegations are too vague to state a claim of harassment that was severe, pervasive, and objectively offensive. However, *Gabrielle M.* involved students much younger than the students in this case, so much so that the Court questioned whether the five- or six-year-olds involved could even be capable of engaging in conduct that could constitute sexual harassment. *Id.*, at 821. Additionally, the Court was considering the evidence at the summary judgment phase and was faced with deposition testimony from the victim that the alleged perpetrator "bothered" her and did "nasty stuff" and played with her in "funny ways" at recess. *Id.*, at 822. The allegations in *Gabrielle M.*, even after discovery at the summary judgment phase, remained far less specific and much more vague than the allegations contained in Plaintiff's First Amended Complaint. (See Doc. 15, ¶¶ 37-40, 44-46, 58-60, 74-76, 86-87103-09). Defendants also cite *Doe v. Hamilton Cty. Bd. of Educ.*, 329 F.Supp.3d 543, 557-58 (E.D. Tenn. 2018) to support the proposition that "generalized bullying – motivated by personal animus, opportunism, or social status – is not the sort of conduct proscribed by Title IX." Plaintiff does not dispute that Title IX only prohibits sexual harassment, however, the allegations of bullying, harassment, intimidation, and name-calling of Plaintiff all occur within the context of a sexual assault and rape of Plaintiff reported by the Plaintiff. This context takes Plaintiff's allegations out of the realm of generalized bullying and into the realm of prohibited sexual harassment. *See Doe v. East Haven Bd. of Educ.*, 200 Fed.Appx 46, 48-49 (2nd Cir. 2006)(holding that bullying occurring following a sexual assault constitutes sexual harassment). Defendants also cite *Rost* for the proposition that the "victim's statement that 'the

boys were bothering me' not sufficient to put district on notice that victim was being sexually harassed." (Doc. 28, p. 11). In *Rost* the plaintiff argued that that boys were "bothering" the victim and that "no one understood" the victim were sufficient to give the district actual knowledge that the victim, a special education student, was actually being coerced into performing. *Rost*, 511 F.3d at 1117-19. While an allegation that boys were "bothering" someone may be insufficient to establish a district had actual knowledge of sexual assault, Plaintiff's allegations, occurring in the context of a reported sexual assault and rape of which Defendant David Smith knew on November 1, 2018, and which was reported multiple times thereafter, that the perpetrator's friends were intimidating her, harassing her, calling her a slut or whore in the hallway, bullying her, and accusing her of lying and trying to ruin the perpetrator's life are more detailed than merely that boys were "bothering" her. (See Doc. 15, ¶¶ 7-40, 44-46, 58-60, 74-76, 86-87103-09).

Additionally, *Doe v. East Haven Bd. of Educ.*, is instructive and directly on point. In *Doe*, the Court found that verbal abuse and harassment in the context of a reported rape, including name-calling and questioning the veracity of the reported sexual assault, constituted sexual harassment and because the harassment took place over the course of five weeks and the victim reported crying and being upset and having to stop attending some classes, the court found the sexual harassment was severe, pervasive, and objectively sufficient enough to deprive the victim access to educational opportunities and benefits. *East Haven*, at 48-49. Plaintiff's allegations satisfy the pleading requirements to state a claim that she has suffered sexual harassment that is so severe, pervasive, and objectively offensive to deny her access to educational opportunities and benefits.

III. **Plaintiff has sufficiently alleged deliberate indifference.**

7

Districts are liable for student-on-student sexual harassment when their response to known instances of sexual harassment is so deficient as to amount to deliberate indifference. *Davis*, 526 U.S. at 648. A district's response to sexual harassment is deliberately indifferent if it is clearly unreasonable in light of the circumstances. *Id*. Deliberate indifference will at a minimum cause a victim to undergo additional harassment or made her liable or vulnerable to it. *Id.*, at 645. A "minimalist response is not within the contemplation of a reasonable response." *Vance v. Spencer County Pub. Sch. Dist.*, 231 F.3d 253, 260 (6th Cir. 2000).

The Defendants argue that their response was not deliberately indifferent, and Plaintiff's allegations of deliberate indifference simply amount to dissatisfaction with the response. (Doc. 28, p. 13). However, "although no particular response is required, and although the school district is not required to eradicate all sexual harassment, the school district must respond and must do so reasonably in light of the known circumstances." *Id*. Furthermore, "where a school district has knowledge that its remedial action is inadequate and ineffective, it is required to take reasonable action in light of those circumstances to eliminate the behavior. Where a school district has actual knowledge that its efforts to remediate are ineffective, and it continues to use those same methods to no avail, such district has failed to act reasonably in light of the known circumstances." *Id*. Plaintiff has alleged that:

- Despite knowing that Plaintiff was the second victim of sexual assault and rape by the same student, Defendants failed to take any action to discipline the perpetrator, or keep the perpetrator from having contact with Plaintiff for over a week from when Defendant David Smith was informed of Plaintiff's sexual assault and rape on November 1, 2018. (Doc. 15, ¶¶ 18-21, 26-28, 64).
- Defendant David Smith was informed by Ms. Lara-Rush that Plaintiff was the second victim of sexual assault and rape by the same student and a safety plan needed to be put in place because Plaintiff could not be in the same class as the perpetrator, yet Defendant David Smith took no action to prevent the perpetrator from having contact with Plaintiff, and no disciplinary action was taken against the perpetrator for over a week after Defendant David Smith had knowledge of the Plaintiff's sexual assault and rape. (Doc. 15, ¶¶19-20, 26-28, 64).

- Despite the authority under Colorado law to act to suspend or expel the perpetrator, Defendant Jenelle Weaver told Mother that the perpetrator had as much right to be at school as Plaintiff. (Doc. 15, ¶¶ 27-28, 56).
- Defendant David Smith responded to Mother's reports of bullying and intimidation by telling her that Plaintiff needed to contact school official and that he needed names before he could do anything about bullying. (Doc. 15, ¶ 68).
- Defendants Jenelle Weaver and Desiree Quintanilla refused to answer questions regarding the length of the suspension that was eventually put in place for the perpetrator or if there was a plan in place for if he were to return to school. (Doc. 15, ¶ 70).
- Defendants Jenelle Weaver and Desiree Quintanilla responded to Mother's question about whether measures will be put into place to address the bullying Plaintiff was experiencing at school with "bullying is going to happen." (Doc. 15, ¶ 72).
- Defendants admitted to a miscommunication causing the perpetrator to believe he was allowed to return to school which led to his presence at school for hours. (Doc. 15, ¶ 84, 96).
- Plaintiff and Mother communicated with Defendants on multiple occasions about the harassment and bullying Plaintiff was experiencing at school since her sexual assault and rape seeking action and options to handle Plaintiff's deteriorating mental state and academic performance. (Doc. 15, ¶¶ 37-40, 47, 52, 58-59, 73-76, 86)
- The harassment and bullying took place over months. (Doc. 15, ¶¶ 76, 103-109).

Plaintiff has adequately pleaded facts to support a claim that the Defendants were deliberately indifferent to sexual harassment in violation of Title IX. Plaintiff is not claiming that she has a right to her preferred remedial measures (see Doc. 28, p. 13), but when the Defendants' attempted remedial measures failed to address the harassment, their failure to take additional action is unreasonable. *See Vance*, 231 F.3d at 260.

The Defendants make several other arguments as to why their response was not deliberately indifferent, none of them persuasive. The Defendants contend that their response was not deliberately indifferent because it is not unreasonable to wait to punish a student while the police are conducting an investigation and cite *Rost* in support of this contention. Defendants' reliance on *Rost* is unavailing. In *Rost* the court explained that the district was not deliberately indifferent for not pursuing punishment against students who coerced a special needs student into sexual activity which occurred "in a variety of private locations and social settings" and "when a few of the incidents appeared to be 'consensual'" because "there were problems of proof in determining

which conduct was not consensual" and "since most of the incidents did not occur on school grounds." *Rost*, 511 F.3d at 1117-23. Here, while Plaintiff's sexual assault and rape did not occur at school (Doc. 15, ¶ 9), Ms. Lara-Rush informed Defendants that this was the second sexual assault committed by this perpetrator (Doc. 15, ¶ 19) and that the perpetrator needed to be segregated from Plaintiff and a safety plan developed and implemented (Doc. 15, ¶ 20). Additionally, Plaintiff alleges continual harassment, intimidation, and bullying that occurred on school grounds of which Defendants were informed and Defendants' actions did not stop the harassment. (See e.g. Doc. 15, ¶¶ 72-76); *see Vance*, 231 F.3d at 260 (explaining that when remedial measures fail to address the harassment, a failure to take additional actions can be deliberate indifference). Furthermore, Plaintiff has alleged that the perpetrator had little contact with Plaintiff prior to the sexual assault and rape, but since then the perpetrator would be everywhere Plaintiff would go in school and was intimidating her. (Doc. 15, ¶¶ 37-38). While a decision to await on a law enforcement investigation before punishing students may have been reasonable under the facts of *Rost*, where the allegations involved mainly acts occurring off school grounds, the allegations in Plaintiff's First Amended Complaint plausibly allege deliberate indifference. Defendants also argue that their decision not to punish the perpetrator was not deliberately indifferent because the sexual assault and rape did not occur at school. However, this argument ignores the allegations of harassing conduct that did occur at school - continual bullying, harassment, and intimidation at school, including concerns that the perpetrator being present at school would make the harassment worse. (See e.g. Doc. 15, ¶¶ 74-76, 87, 92). Furthermore, Plaintiff's First Amended Complaint alleges hat Defendants had the authority to discipline the perpetrator for off-campus conduct and importantly that Defendants knew this was the second sexual assault committed by this same perpetrator. (Doc. 15, ¶¶ 26-

10

28). Defendants finally argue that they were not deliberately indifferent because they "suspended Student 1 shortly after Parent reported the assault against Plaintiff" and "there is no allegation that Student 1 interacted with Plaintiff, on or off-campus, after that suspension." (Doc. 28, p. 14). Defendants knew of Plaintiff's sexual assault and rape on November 1, 2018, when Defendant David Smith was informed by Ms. Lara-Rush and the perpetrator was not disciplined until November 8, 2018, a full week after Defendants knew of the assault and rape. (Doc. 15, ¶¶ 21, 64). Furthermore, this argument ignores that Defendants on multiple occasions, told Mother that the perpetrator could not be disciplined and had a right to be at school, and it also ignores that when a suspension was finally put it place, it was of a short duration and Defendants' own miscommunication caused the perpetrator to believe he was allowed to return to campus and he was present at school for several hours despite the suspension. (Doc. 15, ¶¶ 56, 62, 64, 96). The First Amended Complaint also alleges that following the sexual assault and rape, the perpetrator was intimidating Plaintiff and while previously had little contact with Plaintiff was now everywhere she would go in school. (Doc. 15, ¶¶ 37-38). Again, this argument also ignores all of the harassing conduct committed by other students on school grounds. (Doc. 15, ¶¶ 39-40, 74-76). Plaintiff has adequately alleged deliberate indifference.

## IV. Plaintiff has sufficiently alleged retaliation in violation of Title IX.

Title IX prohibits recipients from retaliation for protected activity, and a Plaintiff must allege that: 1) he or she engaged in protected activity; 2) defendant had knowledge of the protected activity; 3) materially adverse school-related action was taken against plaintiff; and 4) there was a causal connection between the protected activity and the adverse action. *Tackett v. University of Kansas*, 234 F.Supp.3d 1100 (D. Kan. 2017). To establish a causal connection, a plaintiff must show "evidence of circumstances that justify an inference of retaliatory motive, such as

protected conduct closely followed by adverse action." *Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1091 (10th Cir. 2007).

Plaintiff has sufficiently alleged facts to support a claim for retaliation in violation of Title IX. Plaintiff's First Amended Complaint alleges that within a short time period from raising complaints to Defendants of Plaintiff's sexual assault and rape and ongoing harassment and bullying at school, Defendants suggested that Plaintiff, the victim, leave school instead of the perpetrator and refused Mother's requests to evaluate Plaintiff for an IEP or 504 plan. (Doc. 15, ¶¶ 30-43, 69). Defendants' contention that Mr. Sullivan is not an appropriate person and is therefore not relevant to the retaliation claim is, as discussed above, not supported by the case law upon which Defendants rely. *See Rost*, 511 F.3d at 1117; 1120 (accepting that the school counselor was an appropriate person whose knowledge can be imputed to the district).

## V. Plaintiff has sufficiently alleged a factual basis for liability for the individual defendants.

A school district and school official is deliberately indifferent to known acts of sexual harassment when their response is clearly unreasonable in light of the circumstances. *Davis*, 526 U.S. at 648. Deliberate indifference will at a minimum cause a victim to undergo additional harassment or make her liable or vulnerable to it. *Id*. A minimalist approach is insufficient, and when remedial measures are inadequate and ineffective in remedying the sexual harassment, a failure to adjust remedial measures can be unreasonable and amount to deliberate indifference. *Vance*, 231 F.3d at 260.

Plaintiff has sufficiently alleged facts to subject the individual defendants to liability and to overcome their claims of qualified immunity. Defendants argue that Plaintiff has not sufficiently alleged deliberate indifference against the individual defendants. Plaintiff has alleged that Mother called Defendant Fiedler, the school district superintendent, and reported in detail

Plaintiff's sexual assault and rape, and the harassment and intimidation she was receiving daily at school to a receptionist in the office and reported the same information to Director of Student Achievement and Professional Learning for the school district, Dr. Patterson. (Doc. 15, ¶¶ 47-49). Plaintiff also alleges in her First Amended Complaint that Defendant Fiedler would have been informed of the phone call and knew of Plaintiff's sexual assault and rape and the ongoing intimidation and harassment Plaintiff was experiencing at school. (Doc. 15, ¶ 50). Plaintiff alleges that Defendant Fiedler did not address Plaintiff's sexual assault and rape and did not address the sexual harassment and intimidation that Plaintiff was experiencing at school. (Doc. 15, ¶ 51). Likewise, Plaintiff alleges that as the principal of the school in which the ongoing harassment and intimidation Plaintiff was experiencing on a daily basis, Defendant Genereux would have known about Plaintiff's sexual assault and rape and sexual harassment at school because of communicated about these events with assistant principals, Defendants Smith and Weaver. (Doc. 15, ¶ 114). Plaintiff alleges Defendant Genereux did not take steps to address Plaintiff's sexual harassment. (Doc. 15, ¶ 115). These allegations, when taken in the light most favorable to the Plaintiff, allege that Defendants Fiedler and Genereux knew of the sexual assault and rape, knew of the ongoing harassment and intimidation that was occurring at school on a daily basis, and despite this knowledge, did nothing to address it. Doing nothing to address a sexual assault and rape and ongoing harassment and intimidation is a "minimalist approach" that satisfies the deliberate indifference standard. *See Vance*, 231 F.3d at 260.

Plaintiff's allegations are similarly sufficient to allege deliberate indifference of Defendants Quintanilla, Smith, and Weaver. Plaintiff's allegations show that:

- Defendant Quintanilla received two voicemails from Mother before calling her back two days after the first voicemail was left with her,
- told Mother that the perpetrator could not be kicked out of school,

13

- refused to answer Mother's questions about whether the perpetrator would be allowed to return to school,
- refused her request to evaluate Plaintiff for an IEP or 504 plan,
- claimed its impossible to keep people from coming to the school's campus,
- admitted it was Defendants' miscommunication that caused the perpetrator to believe he could return to school despite being suspended, and
- told Mother that the only way to keep Plaintiff from exposure to the perpetrator would be to keep Plaintiff, the victim at home. (Doc. 15, ¶ 97).

These allegations, when taken in the light most favorable to Plaintiff, plausibly allege a "minimalist approach" and a failure to change remedial measures when they failed, and therefore satisfy a deliberate indifference standard. *See Vance*, 231 F.3d at 260. Plaintiff's allegations against Defendants Smith and Weaver similarly show a minimalist approach and a failure to change remedial measures despite knowledge that attempts to stop the sexual harassment were unsuccessful that is clearly unreasonable. *Id*. Plaintiff's First Amended Complaint alleges that:

- Defendant Smith was informed of Plaintiff's sexual assault and rape on November 1, 2018, and was told that a safety plan was needed and the perpetrator should not be allowed in the same class; despite this knowledge, Defendant Smith, as of November 5, 2018, had not taken any disciplinary action against the perpetrator to prevent him from having contact with Plaintiff despite having the authority to do so under Colorado law;
- Mother had to leave two voicemails for Defendant Weaver before receiving a call back;
- Defendants Weaver and Smith were fully informed of the ongoing sexual harassment, bullying, and intimidation Plaintiff was experience;
- Defendant Weaver told Mother that the perpetrator had just as much a right to be at school as Plaintiff and that they could do nothing until charges had been filed;
- Defendant Weaver told Mother in response to a question about measures taken to address bullying that bullying will happen;
- Defendants Weaver and Smith refused to answer direct questions about the perpetrator, but only would speak in hypotheticals;
- Defendant Weaver rejected Mother's requests to evaluate Plaintiff for an IEP or 504 plan; and
- Defendants Weaver and Smith were informed on numerous occasions from Mother about the severity of the bullying that Plaintiff was experiencing and the inadequacy of the response. (Doc. 15, ¶¶ 52-55, 60, 68, 73-79).

Again, and as discussed above, these allegations when taken in the light most favorable to Plaintiff, plausibly allege a response that is clearly unreasonable in light of the circumstances. *See Davis*, 526 U.S. at 648; *Vance*, 231 F.3d at 260.

### VI. Plaintiff has sufficiently alleged a claim for equitable relief.

Plaintiff has sufficiently alleged a claim for equitable relief. Defendants contend that Plaintiff lacks standing to bring her equitable claims. However, courts have permitted claims for injunctive relief seeking changes in district policy regarding sexual harassment even after the plaintiff had withdrawn from the district. *See Rex v. West Virginia School of Osteopathic Medicine*, 119 F.Supp.3d 542, 548, 553 (S.D.W. Va. 2015). Defendants' remaining argument as to why the claim injunctive relief should be dismissed rest on their arguments that the other claims should be dismissed. (Doc. 28, p. 20-21). For the reasons stated above, Plaintiff's claims should not be dismissed, and therefore, Plaintiff's claim for equitable relief should also not be dismissed.

### CONCLUSION

Plaintiff has plausibly alleged claims under Title IX and Section 1983 against the District and against the individual defendants. Plaintiff's claims should not be dismissed. Plaintiff respectfully requests this Court deny Defendants' Motion to Dismiss.

Dated July 15, 2019.

*/s/ Michael Nolt*
Michael Nolt, Esq., Atty. Reg. #: 50668
Kishinevsky & Raykin, Attorneys at Law
2851 South Parker Road, Suite 150
Aurora, CO 80014
Telephone: (720) 748-8888
E-mail: michael@coloradolawteam.com
Attorney for Plaintiff

*/s/ Igor Raykin*
Igor Raykin, Esq., Atty. Reg. #: 43081
Kishinevsky & Raykin, Attorneys at Law

2851 South Parker Road, Suite 150
Aurora, CO 80014
Telephone: (720) 748-8888
E-mail: igor@coloradolawteam.com
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    M. Gwyneth Whalen, Esq.
    Elliott V. Hood
    Caplan and Earnest
    3107 Iris Avenue, Suite 100
    Boulder, CO 80301
    gwhalen@celaw.com
    ehood@celaw.com
    Attorneys for Defendants

*s/ Michael Nolt*
Michael Nolt, Esq.
Kishinevsky & Raykin, Attorneys at Law
2851 S. Parker Rd., Suite 150
Aurora, CO 80014
Phone: 720-748-8888
michael@coloradolawteam.com